**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**C.P., III, Juvenile, Defendant–
Appellant.**

No. 00–30049, 00–30287.
D.C. CR–99–00077–CCL/JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2001.

Decided Feb. 4, 2002.

Before B. FLETCHER, BRUNETTI,
and FISHER, Circuit Judges.

MEMORANDUM *

C.P. challenges his adjudication of juvenile delinquency under the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031, *et seq.* ("FJDA"), on jurisdictional and constitutional grounds.

C.P.'s jurisdictional arguments relating to certification and whether he committed a "violation of a law of the United States" are squarely foreclosed by our decision in *United States v. Pierre Y.*, No. 00–30411, 2002 WL 187420 (cite forthcoming). We also reject C.P.'s contention that 18 U.S.C. § 5032's exclusion of Indian tribes from the certification process violates equal protection. *Id.* (relying on *United States v. Juvenile Male*, 864 F.2d 641, 646 (9th Cir. 1988)).

Our decision in *Pierre Y.* additionally forecloses several other of C.P.'s claims, including his arguments that 1) his adjudication of juvenile delinquency violates due process because ambiguity exists as to the prescribed penalty; 2) the district court erred in applying the procedures set forth in the FJDA, rather than state juvenile delinquency law, to adjudicate C.P.'s case; and 3) the district court improperly denied C.P.'s request for a trial by jury.

Finally, C.P. claims that his adjudication of juvenile delinquency for committing burglary under 18 U.S.C. § 1153 violates equal protection. We find this argument to be without merit. *See United States v. Yazzie,* 693 F.2d 102, 104 (9th Cir.1982) (holding "it was rational for Congress to provide that [burglary] under the Major Crimes Act was to be defined and punished as provided by state law, in order to ensure that Indians and non-Indians who commit identical acts in the same location would be subject to identical punishments."). C.P. cannot dispute that all persons subject to federal jurisdiction under 18 U.S.C. § 1153(b) are subject to similar treatment. Nor has he met his burden "to negative any reasonably conceivable state of facts that could provide a rational basis for the classification." *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 964, 148 L.Ed.2d 866 (2001).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.